### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

**v.**

**SAMUEL HOOD, II,**

**Defendant.**                                              No. 10-30211-DRH

## ORDER

**HERNDON, Chief Judge**:

Now before the Court is Defendant's motion to continue (Doc. 14). Defendant states that he needs additional time to prepare for trial due and to review the voluminous discovery. The Government does not object. The Court being fully advised in the premises finds that Hood needs additional time to prepare for trial. The Court finds that pursuant to **18 U.S.C. § 3161(h)(7)(A)**, the ends of justice served by the granting of such continuance outweigh the best interests of the public and Defendant in a speedy trial. The Court also finds that to deny a continuance of the matter would result in a miscarriage of justice.

Therefore, the Court **GRANTS** Defendant's January 31, 2011 motion to continue (Doc. 14). The Court **CONTINUES** the jury trial scheduled for February 7,

2011 to Monday, April 18, 2011 at 9:00 a.m. The time from the date the original motion was filed, January 31, 2011, until the date to which the trial is rescheduled, April 18, 2011, is excludable time for the purposes of speedy trial.

Further, in continuing this trial, the Court also notes that Defendant was previously given twenty-one (21) days from the date of his arraignment in which to file pre-trial motions and complete discovery. According to a recent Supreme Court decision, ***Bloate v. United States*, 130 S.Ct 1345 (2010)**, delays resulting from pre-trial motion preparation is not automatically excludable under **18 U.S.C. § 3161(h)(1)**, but requires case-specific findings under **18 U.S.C. § 3161(h)(7)**. In light of *Bloate*, the Court finds that the time granted to Defendant Hood for preparation of pretrial motions and discovery was also excludable under **18 U.S.C. §3161(h)(7)(A)** as the justice served by the granting of such a continuance outweighed the best interests of the public and Defendant in a speedy trial. To force a Defendant to trial without adequate time to prepare would have constituted a miscarriage of justice. Therefore, for purposes of the Order issued November 30, 2010, granting Defendant twenty-one (21) days in which to complete discovery and file pre-trial motions (Doc. 9), the Court notes that the time from the arraignment, November 30, 2010, until the date on which the twenty-one days expired, December 21, 2010, is excludable time for the purposes of speedy trial.

Should either party believe that a witness will be required to travel on the Justice Prisoner and Alien Transportation System (JPATS) in order to testify at

the trial of this case, a writ should be requested at least two months in advance.

**IT IS SO ORDERED.**

Signed this 31st day of January, 2011.

David R. Herndon
2011.01.31
16:45:40 -06'00'

**Chief Judge
United States District Court**